**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHERYL FEALY, | 2:15-cv-02124-JAD-CWH |
| Plaintiff | **Order Denying Application for Default and Directing Plaintiff to Complete Service by 3/11/16 to Avoid Dismissal of this Case** |
| v. | |
| DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, et al., | [ECF 5] |
| Defendant | |

It appears that pro se plaintiff Cheryl Fealy sues the Department of the Treasury, the Internal Revenue Service, or both for assessing her federal income taxes, levying and garnishing her social security benefits for failing to pay her federal tax bill, denying her a collection due-process hearing, and for intentional infliction of emotional distress.[1]  Fealy now moves, presumably under FRCP 55 and LR 77-1(b)(2), for the entry of default against the "Department of the Treasury, Internal Revenue Service."[2]  But Fealy has not demonstrated that either the Department of the Treasury or the Internal Revenue Service was properly served with process under FRCP 4(i).  Accordingly, Fealy's motion for entry of default is denied.

### Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[3]  In order to obtain the entry of default, the plaintiff must show (1) that service was properly effected on the defendant and (2) that the defendant failed to respond within the time specified by the Federal Rules of Civil Procedure.

The Department of the Treasury and the Internal Revenue Service are both agencies of the United States.  When a federal agency is sued, the plaintiff must serve the agency by sending it a

---

[1] ECF 1.

[2] ECF 5.

[3] FED. R. CIV. P. 55(a).

copy of the summons and complaint by registered or certified mail, *plus* the plaintiff must "serve the United States."[4]  Rule 4(i)(1) dictates that service is effectuated upon the United States by (1) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and (2) mailing a copy of the summons and complaint to the Attorney General of the United States in Washington, D.C. as further set forth in the Rule.

Fealy submitted a single summons to be issued by the Clerk of Court addressed to "Department of the Treasury, Internal Revenue Service."[5]  The proof of service states that on November 12, 2015, Fealy's process server "Served Government Agency" by delivering a copy of the summons and complaint "to Rudy Gemboa as Mail Clerk and Authorized Agent at 1500 Pennsylvania Avenue NW, Washington, DC 20220. . . ."[6]  Although that is the address of the Department of the Treasury and the IRS is a bureau of the Department of the Treasury, neither the summons, the complaint, nor the motion for entry of default is clear on whether Fealy is suing the Department of the Treasury, the IRS, or both.  Service is still incomplete regardless. Accordingly, Fealy's motion for entry of default against "Department of the Treasury, Internal Revenue Service" is denied.

In the interests of justice, I will give Fealy until March 11, 2016, to (1) submit a new, clearer Summons in a Civil Action to be issued by the Clerk of Court (**If Fealy is suing <u>both</u> the Department of the Treasury and the IRS, then she must submit a separate summons for each defendant.**  If Fealy is suing either the Department of the Treasury or the IRS, then she must address the summons to whichever defendant she is suing, i.e., to the Internal Revenue Service, not to the Department of the Treasury, Internal Revenue Service.); (2) complete service of the summons and complaint on the United States and the defendant agency/agencies in compliance with the procedures described in FRCP 4(i)(1) and (2); and (3) file an affidavit or declaration of service detailing when and how service on the United States and the defendant

---

[4] FED. R. CIV. P. 4(i)(2).

[5] ECF 3.

[6] ECF 4 at 2.

2

agency/agencies was effectuated.  If Fealy does not complete service and file proof of that service by March 11, 2016, this case will be dismissed without prejudice under FRCP 4(m).

Fealy is cautioned that her pro se status will not be considered an excuse or justification for future failures to comply with the rules of this court.  She is not relieved of her obligation to comply with the rules and procedures of this court simply because she has not retained, or cannot afford to retain, an attorney to represent her.  The Ninth Circuit has repeatedly held that pro se litigants are bound by the rules as a represented party, and they will not be treated more favorably or leniently than parties who hire counsel.[7]

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Fealy's motion for entry of default **[ECF 5]** is **DENIED**.  Fealy has until March 11, 2016, to:

(1) submit new Summons(es) in a Civil Action to be issued by the Clerk of Court;

(2)  complete service of the summons and complaint on the United States and each defendant agency under the procedures outlined in FRCP 4(i)(1) and (2); and

(3) file an affidavit or declaration detailing when and how service on the United States and any defendant agency was effectuated.

**If Fealy does not complete service and file proof of that service by March 11, 2016, this case will be dismissed without further prior notice and without prejudice under FRCP 4(m).**

DATED: February 1, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[7] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").