# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Cheryl Fealy,

    Plaintiff

v.

Department of the Treasury and Internal Revenue Service, et. al.,

    Defendants

2:15-cv-2124-JAD-CWH

**Order Granting Defendants' Motion to Dismiss**

[ECF No. 11[1]]

    The Internal Revenue Service ("IRS") garnished plaintiff Cheryl Fealy's social security checks because she didn't pay her taxes. Fealy brings this action to stop the garnishment—not because she paid her taxes—but because she believes that she is immune from having to pay taxes in the first place. According to Fealy, only government employees and companies have to pay taxes in the United States. The defendants now move to dismiss, and I grant their motion both because Fealy failed to exhaust her administrative remedies and because her allegations do not give rise to a plausible claim.

**Discussion**.

    A properly pleaded complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[3] "Factual allegations must be enough to rise above the speculative level."[4] To survive a

---

[1] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

[2] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Twombly*, 550 U.S. at 555.

motion to dismiss, a complaint must "contain [] enough facts to state a claim to relief that is plausible on its face."[5]

Fealy did not properly exhaust her administrative remedies, so I have no jurisdiction over her claims in the first place. Taxpayers must generally exhaust their administrative remedies with the IRS before filing a suit in court.[6] The IRS's procedures require that the plaintiff first file a charge with the IRS area director for her region.[7] This charge must contain a number of specific details, including a description of the plaintiff's claims, the precise amount of damages that the plaintiff seeks, and the plaintiff's signature.[8] Fealy does not allege that she filed a charge that would comply with these procedures, so she has not sufficiently alleged that she exhausted her remedies. This is reason enough to dismiss her case.

But even if Fealy had exhausted her claims, I would dismiss them because they are not plausible. Fealy alleges that the IRS recently began to garnish her social security checks because she did not pay taxes on wages that she earned while working at a local casino.[9] She also alleges that she complained of this garnishment to the IRS and that the agency declined to give her a hearing.[10] But these allegations could only give rise to a claim if it were true, as Fealy believes, that people who work for private companies don't have to pay taxes. This is obviously not the case: the Internal Revenue Code requires individuals to pay taxes on the wages they earn, even if they work for a

---

[5] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[6] *See* 26 U.S.C. 7433(d)(1) (requiring taxpayers to exhaust administrative remedies as a prerequisite to filing an action for damages related to improper tax collection); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (holding that courts lack jurisdiction to hear actions for damages related to tax collection when plaintiffs have not exhausted their administrative remedies).

[7] 26 C.F.R. § 301.7433–1(e) (specifying required administrative remedies).

[8] *Id.*

[9] ECF No. 1 at 2–3.

[10] *Id.* at 6.

private company like a casino.[11]  Several courts have rejected the frivolous argument that Fealy raises here.[12]

In addition to being implausible, Fealy's claims also fail for other reasons.  Her requests for injunctive and declaratory relief against the defendants are barred by statute.[13]  Her request for damages resulting from the IRS's intentional infliction of emotional distress is barred by sovereign immunity.[14]  And Fealy cannot even sue the agencies she named in this case: the IRS and DOT are not subject to suit in their own name.[15]

Fealy's allegations thus fail to state a claim for which I can grant relief.  And because there is no indication that Fealey's claims could be saved by amendment, I dismiss them with prejudice.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' **motion to dismiss [ECF No. 11] is GRANTED.  This case is dismissed with prejudice, and the Clerk of Court is instructed to close this case.**

Dated this 12th day of October, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[11] *See* 26 U.S.C. § 3401; 26 U.S.C. §§ 1, 6011, et seq.

[12] *See Taliaferro v. Freeman*, 595 F.App'x 961, 962–63 (11th Cir. 2014) (collecting cases rejecting as frivolous taxpayer's argument that federal income taxes apply only to federal employees); *Montero v. Commissioner*, 354 F. App'x 173 (5th Cir. 2009) (affirming a $20,000 section 6673(a) penalty against the taxpayer for advancing frivolous arguments that he is not an employee earning wages as defined by sections 3121 and 3401).

[13] *See* 26 U.S.C. § 7421(a) (barring suits to restrain collection of taxes); 28 U.S.C. § 2201 (barring declaratory suits related to federal taxes).

[14] 28 U.S.C. § 2680(c) (excepting from sovereign immunity "any claim arising in respect of the assessment or collection of any tax").

[15] *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952).