UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cheryl Fealy, | 2:15-cv-2124-JAD-CWH |
| Plaintiff | **Order Denying Plaintiff's Motions** |
| v. | [ECF Nos. 18, 19, 24] |
| Department of the Treasury and Internal Revenue Service, et. al., | |
| Defendants | |

The Internal Revenue Service garnished plaintiff Cheryl Fealy's social security checks because she didn't pay her taxes. Feely brought this action to stop the garnishment on the basis that—because she is not a federal employee—she is immune from having to pay taxes. In a prior order, I dismissed Fealy's complaint with prejudice because she both failed to exhaust her administrative remedies and, even if she had not, her allegations did not give rise to a plausible claim.[1] Since that order, Fealy continues to zealously advocate on her own behalf—filing three motions asking that I set aside my prior decision.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[2] Reconsideration is appropriate if the court "is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[3] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon

---

[1] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-1.

[2] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[3] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1244, 1263 (9th Cir. 1993).

which the court has already ruled."[4]

I am sympathetic to the challenges that Fealy faces in representing herself, but her latest motions rehash the same arguments that she made before.[5] She contends that she exhausted her administrative remedies because she made "efforts . . . to resolve the issue" with the IRS.[6] To be clear: I do not doubt that she made some effort to resolve this case with the IRS. But as I explained before, that is not legally enough. To exhaust an agency's administrative remedies, a party must not merely make some effort to resolve the issue—she must follow that agency's procedures in doing so.[7] The IRS's procedures are laid out in 26 C.F.R. § 301.7433. Fealy has never alleged facts showing that she properly complied with these requirements and thus *properly* exhausted her remedies with the agency.[8] Navigating an agency's administrative process can be daunting, but that does not excuse Fealy's failure to comply with the IRS's requirements.

But even if Fealy had exhausted her remedies, I still must dismiss her case (and thus deny her newest round of motions). Above all, Fealy's claims are predicated on the theory that only employees of "Government regulated Compan[ies]" can be taxed.[9] But she provides no cases or statutes supporting her theory, and that is because there are none. Indeed, courts have sanctioned plaintiffs with heavy monetary fines for maintaining frivolous arguments that they are immune from

---

[4] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[5] Fealy suggests in her briefing that I have refused to consider her arguments by unfairly labeling her as a "tax protester." But I ruled against Fealy because her claims have no basis in the law, and for no other reason.

[6] ECF No. 18 at 7.

[7] *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992).

[8] Fealy alleges that she requested a hearing and filed a document request with the IRS, but neither of those acts stand in for the agency's procedural process.

[9] ECF No. 18 at 8. Most of the facts Fealy recites in her motion are nowhere to be found in her complaint. The facts Fealy does provide are of little help. She repeatedly says that the government cannot impose "excise taxes" on her, but there is no evidence that the IRS ever imposed excise (sales) taxes on her. Fealy says that she was misled into thinking that she had to fill out a W-4 form, but she fails to explain how this fact would impact her claims.

taxes.[10]

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Fealy's **motions for reconsideration, to set aside, and for preliminary injunction [ECF Nos. 18, 19, 24] are DENIED.**

Fealy is cautioned that any motions asking for further relief in this case will be summarily denied.

Dated this 18th day of January, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[10] *See Taliaferro v. Freeman,* 595 F. App'x 961, 962 (11th Cir. 2014) (rejecting as frivolous the argument that only federal employees must pay taxes). Fealy's constitutional claims are equally frivolous because, among other things, she provides no legal support for them, and her complaint contains no facts making them plausible.